UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; FELCO SA, a Swiss corporation; FLISCH HOLDING SA, a Swiss corporation; and PYGAR USA, INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INDIVIDUALS AND ENTITIES DOING BUSINESS AS CERTAIN AMAZON SELLING ACCOUNTS IDENTIFIED IN SCHEDULE 1; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:22-cv-01506-JHC-BAT<br><br>**ORDER GRANTING PLAINTIFFS'** *EX PARTE* **MOTION FOR EXPEDITED DISCOVERY** |

Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, Felco SA, Flisch Holding SA, and Pygar USA, Inc. seek leave to serve third-party subpoenas prior to the Rule 26(f) conference to discover the true locations and identities of Defendants and other individuals and entities involved in their counterfeiting scheme. Dkt. 12. The Court finds the motion should be granted.

DISCUSSION

Federal Rule of Civil Procedure 26 provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "Courts in this jurisdiction require that the moving party demonstrate that 'good cause' exists to deviate from the standard pretrial

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR EXPEDITED DISCOVERY - 1

1   schedule." *Microsoft Corp. v. Mai*, 2009 WL 1393750, at *5 (W.D. Wash. May 15, 2009) (Jones,

2   J.); *Renaud v. Gillick*, 2007 WL 98465, at *2 (W.D. Wash. Jan. 8, 2007) (Lasnik, J.)

3   "Good cause exists 'where the need for expedited discovery, in consideration of the

4   administration of justice, outweighs the prejudice to the responding party.'" *Microsoft Corp.*,

5   2009 WL 1393750, at *5 (quoting *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D.

6   273, 276 (N.D. Cal. April 19, 2002). Courts routinely allow early discovery where it will

7   "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that

8   purpose. *Semitool*, 208 F.R.D. at 277. Relevant factors in assessing good cause are the requesting

9   party's diligence, its intent in seeking the requested information, and whether the opposing party

10  will be prejudiced if the Court grants the motion. *See Renaud*, 2007 WL 98465, at *3.

11  Plaintiffs seek leave to serve third-party subpoenas to determine the location and

12  identities of Defendants and others involved in a counterfeiting scheme. Defendants used thirty-

13  nine (39) different Amazon selling accounts to advertise and sell counterfeit Felco-branded

14  products in violation of the Felco Plaintiffs' intellectual property rights and anti-counterfeiting

15  terms and policies. Dkt. 1, ¶¶ 30-37; *id*. Ex. B ¶ 5 & Ex. C at 1-2. After Amazon and Felco

16  identified these bad actors, Amazon blocked them from selling in the Amazon Store, and brought

17  this litigation. Plaintiffs have since discovered Defendants submitted fraudulent documents and

18  information, including falsified government IDs, when they registered selling accounts in the

19  Amazon.com store. Thus, Plaintiffs are unable to uncover Defendants' true identities or location

20  to effect service. Plaintiffs seek leave to serve subpoenas on specified email service providers,

21  payment service providers, and two individuals linked to Defendants' counterfeiting scheme.

22  Plaintiffs have shown diligence in attempting to uncover Defendants' identities and

23  locations through private investigators, investigating information provided by the Defendants,

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR EXPEDITED
DISCOVERY - 2

and searching public records. Dkt. 13, Lauren Rainwater Declaration, ¶¶ 4-9. Plaintiffs have also shown their intent is to advance the litigation and save judicial resources. The discovery requested will be directed to financial institutions to help identify the bad actors' true identities and trace illicit proceeds; email address providers to obtain contact information used to register accounts and IP addresses used by Defendants; and to residents of the address linked to Defendants' selling accounts. *Id.*, ¶¶ 9-12.

Finally, Defendants will suffer no cognizable prejudice as the requested discovery will be directed to non-parties and will be narrowly tailored to obtaining information necessary to locate Defendants. *See e.g.*, *Renaud*, 2007 WL 98465, at * 3 ("third party document requests will not impose a significant burden upon [D]efendant[s].")

Accordingly, it is **ORDERED**:

1. Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas to obtain information regarding the identities and locations of Defendants and other bad actors involved in the alleged counterfeiting scheme from: Payoneer Inc., PingPong Global Solutions Inc., Google LLC, Microsoft Corporation, Binh Thatch, and Vinh N.

2. Plaintiffs may seek leave to serve additional Rule 45 subpoenas if they identify additional entities or individuals having responsive information related to the identity and location of Defendants or other bad actors responsible for the counterfeiting scheme alleged in the Complaint.

3. Plaintiffs' deadline to complete this expedited discovery or to seek leave for additional time to complete this expedited discovery is **September 19, 2023**.

DATED this 19th day of May, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR EXPEDITED
DISCOVERY - 3